# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WALTER DUANE WHITE,**

      Petitioner,

v.                                                    Civil Action No.1:09-cv-67
                                                 Criminal Action No.1:05-cr-50

**UNITED STATES OF AMERICA,**        (JUDGE KEELEY)

      Respondent.

**REPORT AND RECOMMENDATION
28 U.S.C. § 2255
THAT SECOND OR SUCCESSIVE PETITION
BE DENIED**

## I. PROCEDURAL HISTORY

On May 18, 2009, the *pro se* petitioner, Walter Duane White, ["Petitioner"], filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. The respondent was not ordered to answer the motion.

This matter is pending before me for initial review and report and recommendation pursuant to LR PL P 83.09.

## II. FACTS

### A. Conviction

On July 11, 2005, pursuant to a plea agreement with the United States, petitioner pled guilty to Count Six of the indictment, distribution of heroin in violation of Title 21, USC, § 841(a)(1), 841(b)(1)(C). (Dkt. No. 98). He was convicted of the same on November 2, 2005.

### B. Sentencing

On November 2, 2005, the Court conducted a sentencing hearing, accepted the petitioner's plea agreement and sentenced him to imprisonment for a term of ninety months

incarceration, three years supervised release; no fine; and a $100.00 special assessment on Count Six. (Dkt. 134).

### C. Appeal

Petitioner did not file a direct appeal of this sentence.

### D. Motion for Reduced Sentence

The petitioner filed a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense Pursuant to 18 U.S.C. §3582(c) with this Court on November 21, 2008. (Dkt. 218). By decision dated December 8, 2008, an Order Reducing Term of Imprisonment As a Result of Amended Guideline Range pursuant to USSG 1B1.10 and USSG 2D1.1 was entered by District Judge Irene M. Keeley, reducing petitioner's sentence from ninety to seventy-six months. (Dkt. 220).

### E. Federal Habeas Corpus

Petitioner filed his first Motion to Vacate, Set Aside or Correct Sentence by a person in Federal Custody Under 28 U.S.C. § 2255 on August 28, 2006. The motion was denied on the merits on August 30, 2006. (Dkt. 173). Petitioner did not appeal the denial of his § 2255 motion. Petitioner filed this present and second Motion to Vacate, Set Aside or Correct Sentence by a person in Federal Custody Under 28 U.S.C. § 2255 on May 18, 2009. (Dkt. 226).

### F. Recommendation

Based upon a review of the record, I recommend petitioner's § 2255 motion be denied and dismissed from the docket for lack of jurisdiction because it is a second and successive motion and petitioner did not receive authorization from the Fourth Circuit Court of Appeals to file a successive § 2255 motion.

## III. ANALYSIS

Section 2255 provides as follows regarding a second or successive motion:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly-discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

In order for a petition to be considered successive, the first petition must have been dismissed on the merits. Harvey v. Horan, 278 F.3d 370 (4th Cir. 2002). The petitioner's first § 2255 motion was considered and dismissed on the merits. Accordingly, the undersigned finds petitioner's current § 2255 motion is a successive motion.

The petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file his successive § 2255 motion in this Court. Therefore, pursuant to 28 U.S.C. § 2244 and 28 U.S.C. § 2255, the Court has no jurisdiction over this matter and must dismiss the motion for lack of jurisdiction.

Consequently, I recommend the Petitioner's § 2255 motion to be denied with prejudice for lack of jurisdiction.

## IV. RECOMMENDATION

The undersigned recommends that the Court enter an Order DENYING WITH PREJUDICE Petitioner's motion and dismissing the case from the docket for lack of jurisdiction

because his motion is a second and successive motion and he has not received authorization from the Fourth Circuit Court of Appeals to file a successive § 2255 motion.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objection should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Dated: May 26, 2009

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE